UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LOEB & LOEB LLP,

                                Petitioner,

            -against-

HANGZHOU CHIC INTELLIGENT
TECHNOLOGY CO., LTD and UNICORN
GLOBAL, INC.,

                                Respondents.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  4/19/2024
```

23 Civ. 8993 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Petitioner, Loeb & Loeb LLP ("Loeb"), brings this petition under the Federal Arbitration Act ("FAA") and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"), to confirm an arbitration award (the "Award") against Respondents, Hangzhou Chic Intelligent Technology Co., Ltd. ("Hangzhou Chic") and Unicorn Global, Inc. ("Unicorn"). Petition, ECF No. 1. Respondents "take no position as to confirmation of the Award." ECF No. 23. For the reasons stated below, the petition is GRANTED.

Loeb also moves to seal the Award and hearing transcripts submitted in support of its petition. *See* First Letter, ECF No. 13; Second Letter, ECF No. 18. These requests are DENIED without prejudice to renewal.

**BACKGROUND**

Hangzhou Chic is a Chinese-based company that owns or controls various patents related to hoverboards, also known as self-balancing scooters. Pet'r 56.1 ¶ 2, ECF No. 19. Unicorn is a California company that licenses Hangzhou Chic's patents and distributes its hoverboard products. *Id.* ¶ 3. On August 5, 2020, Respondents engaged Loeb as legal counsel for "[r]ights enforcement advice" and "representation in enforcement actions." *Id.* ¶ 5. The retainer

agreement provided that Respondents would pay for Loeb's hourly services, and included a detailed arbitration provision.  *Id.* ¶¶ 6–7; *see* ECF No. 1-2.

Loeb served as counsel for Respondents from August 2020 to June 2022, representing Respondents in two patent enforcement actions and several related appeals.  Pet'r 56.1 ¶ 13. Respondents failed to pay Loeb for a portion of the legal services rendered, and eventually accumulated an unpaid balance of over $3.2 million.  *Id.* ¶ 14.  In accordance with the retainer agreement, on July 27, 2022, Loeb filed a demand for arbitration and statement of claim against Respondents with JAMS, an arbitration and mediation service.  *Id.* ¶¶ 7, 17.

After over a year of arbitration proceedings, a three-day hearing, and post-hearing briefing, the arbitrator issued the Award on September 25, 2023.  *Id.* ¶¶ 22–27; Award, ECF No. 14.  In the Award, the arbitrator found Respondents jointly and severally liable to Loeb for (1) damages in the amount of $3,057,294.79; (2) $330,941.77 in pre-judgment interest; (3) $44,298.97 in arbitral expenses; and (4) post-judgment interest accruing from the date the judgment was entered in the daily amount of $846.38.  Loeb 56.1 ¶ 31; Award at 35.

## DISCUSSION

I.   Confirmation of the Award

A.  Legal Standard

Arbitration awards are not self-enforcing; rather, they must "be given force and effect by being converted to judicial orders."  *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006).  The Federal Arbitration Act ("FAA") provides that any party in an arbitration proceeding can apply for a judicial decree confirming the award, and a court must grant the award unless it has been vacated, modified, or corrected as prescribed by §§ 10 and 11 of the FAA.  9 U.S.C. § 9; *accord Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Jessica Rose Enters. Corp.*, No. 15 Civ. 9040, 2016 WL 6952345, at *2 (S.D.N.Y. Nov. 28, 2016).

2

> Section 10 lists grounds for vacating an award, including where the award was procured by "corruption," "fraud," or "undue means," and where the arbitrators were "guilty of misconduct," or "exceeded their powers." Under § 11, the grounds for modifying or correcting an award include "evident material miscalculation," "evident material mistake," and "imperfect[ions] in [a] matter of form not affecting the merits."

*Finkel v. Pomalee Elec. Co., Inc.*, No. 16 Civ. 4200, 2018 WL 1320689, at *6 (E.D.N.Y. Feb. 22, 2018) (alterations in original) (quoting *Hall St. Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 576 (2008)).

District courts have a "narrowly limited" role when reviewing arbitration awards. *Kobel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 103 (2d Cir. 2013). The FAA promotes great deference to arbitration panel determinations in order to achieve the goals of settling disputes efficiently and avoiding long and costly litigation. *Id.* Thus, "there is no general requirement that arbitrators explain the reasons for their award, and [] an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached." *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992) (quotation marks and citations omitted).

"[A] district court should treat an unanswered [] petition to confirm/vacate [an arbitration award] as an unopposed motion for summary judgment." *D.H. Blair & Co.*, 462 F.3d at 110. Summary judgment is appropriate when the record shows that there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A court must consider all evidence in the light

most favorable to the non-moving party, *Overton v. N.Y. State Div. of Mil. & Naval Affs.*, 373
F.3d 83, 89 (2d Cir. 2004), and must "resolve all ambiguities and draw all permissible factual
inferences in favor of the party against whom summary judgment is sought," *Sec. Ins. Co. of
Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004).  Although
Respondents take no position on the petition, the Court must still "examin[e] the moving party's
submission to determine if it has met its burden of demonstrating that no material issue of fact
remains for trial."  *D.H. Blair & Co.*, 462 F.3d at 110 (citation omitted).

     B.  Analysis

     Loeb has carried its burden to demonstrate that there is no genuine dispute of material
fact with respect to confirmation of the Award.  It is undisputed in this proceeding that
Respondents violated the retainer agreement by failing to pay Loeb for the services rendered, and
that the dispute falls within the scope of the arbitrator's authority.  Loeb 56.1 ¶¶ 7, 14.

     After holding a hearing and reviewing evidence, the arbitrator awarded Petitioner (1)
damages in the amount of $3,057,294.79; (2) $330,941.77 in pre-judgment interest; (3)
$44,298.97 in arbitral expenses; and (4) post-judgment interest accruing from the time of
judgment in the daily amount of $846.38.  Award at 35.  The awards of damages and arbitral
expenses are based on extensive calculations supported by billing invoices and other
documentation.  *Id.* at 22–34.  The calculations are not disputed, nor is there any evidence in the
record suggesting that they are incorrect.  The arbitrator also correctly calculated pre- and post-
judgment interest at the statutory rate for contract and quasi-contract claims.  *See* Award at 31.

     Further, there is no evidence that "the award was procured by corruption, fraud, or undue
means;" that the arbitrator was "partial or corrupt"; that the arbitrator was "guilty of any
misbehavior prejudicing the rights of any party; that the arbitrator[] exceeded or imperfectly

executed [his] powers; or that there was a manifest disregard of the law." *Clearwater Ins. Co. v. Granite State Ins. Co.*, No. 15 Civ. 165, 2015 WL 500184, at *2 (S.D.N.Y. Feb. 5, 2015).

Accordingly, the Court GRANTS the petition and confirms the Award.

II.    <u>Motions to Seal</u>

By letter motions dated October 25, 2023, and November 16, 2023, Loeb moves to file under seal a copy of the Award and several transcripts from the arbitration hearing.  ECF Nos. 13, 18.  The motions are DENIED without prejudice to a revised motion consistent with this Order.

There is a strong common law presumptive right of access to judicial documents.  *United States v. Erie Cnty.*, 763 F.3d 235, 239 (2d Cir. 2014).  "[I]t is well settled in this District that . . . supporting documents filed in connection with a petition to confirm an arbitration award (including the Final Award itself) are judicial documents that directly affect the Court's adjudication of that petition."  *Clearwater*, 2015 WL 500184, at *3 (citation omitted).  "Accordingly, the parties must overcome the strong presumption of public access to judicial documents and, in particular, adjudications of substantive rights."  *Id.*  "This is true whether or not the petition to confirm an arbitration award is contested."  *Alexandria Real Est. Equities, Inc. v. Fair*, No. 11 Civ. 3694, 2011 WL 6015646, at *2 (S.D.N.Y. Nov. 30, 2011)

Loeb first notes that the parties agreed to a confidentiality stipulation, in which they agreed that "all deposition or arbitration hearing testimony . . . would be deemed confidential" through "any motion to confirm or vacate the arbitration award."  First Letter at 1 (cleaned up).  Petitioner correctly acknowledges, however, that "the existence of a confidentiality stipulation does not, by itself, overcome the presumption in favor of public access to judicial documents."  *Id.*; *see, e.g.*, *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018) ("Courts in this district have long held that bargained-for confidentiality does not overcome the presumption of

access to judicial documents.").

Loeb then argues that the Award discusses hearing testimony and documents concerning "details of the parties' attorney-client relationship, including privileged communications between them," as well as "confidential information related to Loeb, including the firm's fee arrangements, billing of Respondents, and estimates provided to Respondents for certain types of legal work." First Letter at 2. It further contends that the hearing transcripts should be sealed for the same reasons. *See* Second Letter at 2.

It is true that the Award and hearing transcripts appear to contain certain material protected by the attorney-client privilege and/or relevant to Loeb's confidential business interests. First Letter at 2 (citing portions of the Award as potentially privileged and confidential); Second Letter at 2 (citing isolated portions of hearing transcripts as potentially privileged). These are both legitimate justifications for sealing. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 125 (2d Cir. 2006), *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995). But, Loeb has not explained why redacting this material from the public versions of the Award and transcripts—as opposed to sealing the exhibits in full—would not adequately protect the privilege and its business interests. Accordingly, Loeb has not met its burden to justify sealing the exhibits, and its sealing motions are DENIED without prejudice to renewal.

## CONCLUSION

For the reasons stated above, the petition to confirm the Award is GRANTED. The Clerk of Court is directed to enter judgment in favor of Loeb, and jointly and severally against Respondents, for $3,057,294.79 in damages, $330,941.77 in pre-judgment interest, $44,298.97 in arbitral expenses, and $846.38 in post-judgment interest per day until the judgment is fully satisfied. The Clerk of Court is further directed to terminate the motions at ECF Nos. 13 and 18 and close the case.

By **May 3, 2024**, the parties may propose redactions to the Award and transcripts.  If no submission is received by that date, the Court may order that the exhibits be uploaded to the Electronic Case Filing system in unredacted form.

SO ORDERED.

Dated: April 19, 2024
New York, New York

ANALISA TORRES
United States District Judge